

FILED
JAN 20 2012
J T NOBLIN CLERK
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI

QUINDOLYN WINGFIELD                            PLAINTIFF

vs.                                            CAUSE NO. 5:12cv13 DCB-JMR

CLAIBORNE COUNTY FAMILY HEALTH                 DEFENDANT
    CENTER

## COMPLAINT

### (JURY TRIAL DEMANDED)

COMES NOW Plaintiff Quindolyn Wingfield and files her Complaint against Defendant Claiborne County Family Health, and would allege the following:

1. Plaintiff Quindolyn Wingfield while out on leave approved by her employer, Claiborne County Family Health Center, and under a doctor's car was fired from her place of employment allegedly for excessive absenteeism.

2. Plaintiff Quindolyn Wingfield was fired without being provided notice that her approved leave had ended.

3. Plaintiff Quindolyn Wingfield was fired without being provided a warning that unless she returned to work by a certain date that she would be fired.

### PARTIES

4. Plaintiff, Quindolyn Wingfield, is an adult resident citizen of Mississippi residing in Claiborne County, and whose mailing address is Post Office Box 593, Port Gibson, Mississippi.

5. Defendant, Claiborne County Family Health (CCFH), is a nonprofit corporation business entity doing business in Claiborne County, Mississippi, and which can be served at Highway 61 North, P.O. Box 741, Port Gibson, Mississippi 39150.

6. Prior to Plaintiff's termination, Plaintiff was employed by Defendant at CCFH for nearly a decade as a nurse practioner and had be employed with CCFH.

### JURISDICTION AND VENUE

7. This Court has jurisdiction over this action pursuant to 28 USC §§ 1331 in that this case arises under Federal law, specifically American with Disabilities Act, 42 USC §§ 12102 et seq.

8. This court has jurisdiction to award costs and attorney fees under 42 USC §§ 2000e-5k .

9. Venue is proper pursuant to 28 USC §§ 1391 (b) and (e).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. On or about October 17, 2011, Plaintiff filed charges against Defendant Claiborne County Family Health with the Equal Employment Opportunity Commission (EEOC), charging Defendant with the acts of discrimination stated below in this Complaint.

8. On or about October 25, 2011, the EEOC issued Plaintiff a RIGHT TO SUE LETTER.

9. Plaintiff received this RIGHT TO SUE LETTER on or about October 26, 2011.

10. The EEOC did not issue a determination in this matter.

## STATEMENT OF FACTS

11. Plaintiff is a member of a protected class based on her race (African American) and by her disability.

12. At all times relevant to this claim of discrimination, Defendant had over fifteen (15) or more employees.

13. The discrimination happened on April 26, 2011, which is the date the Plaintiff was terminated allegedly for excessive absenteeism.

14. Prior to termination, Plaintiff was out on approved leave due to a medical condition.

15. Plaintiff received correspondence on November 10, 2011 from her then supervisor, Mr. James E. Devoual, Interim Director at the time, inquiring about Plaintiff's medical condition, and when she would be able to return to work.

16. Plaintiff responded to her supervisor's inquiry by sending a letter to him stating that she did not know when she would be returning, but that she had a doctor's appointment and would give him an update thereafter.

17. Plaintiff continued to provide CCFH verbal updates regarding her scheduled appointments and doctor excuses.

18. On April 26, 2011, despite Plaintiff's constant communication with CCFH, Plaintiff received a letter from CCFH stated that her employment with CCFH was terminated on account of excessive absenteeism.

## FIRST CAUSE OF ACTION

### AMERICAN WITH DISABILITIES ACT – DENIAL OF REASONABLE ACCOMODATION

19. Paragraphs 1 through 18 above are hereby incorporated by reference as though fully set forth in this claim.

20. Plaintiff was and is a disabled person based on her medical condition and physical disabilities.

21. Plaintiff applied for Worker's Compensation, but was not approved for it based on CCFH's challenges to Plaintiff's receipt of said benefits.

22. Defendant was required to provide Plaintiff with reasonable accomodations to Plaintiff, including but not limited to, providing her with an opportunity to return to work and to perform her job within her medical limitations.

23. Instead Defendant refused to provide Plaintiff with such accomodation and terminated her allegedly for excessive absenteeism.

24. Plaintiff has suffered, is now suffering, and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until the Court grants relief.

## SECOND CAUSE OF ACTION

### UNLAWFUL DISCRIMINATION BASED ON DISABILITY

25. Paragraphs 1 through 24 above are hereby incorporated by reference as though fully set forth in this claim.

26. Defendant has unlawfully discriminated against Plaintiff based on disability in violation of Rehabilitation Act of 1973, 29 USC § 791, as amended by the Americans with Disabilities Act.

27. Defendant has a legal obligation to provide reasonable accomodation to employees who are disabled. An individual with a disability is defined as one who (1) has a physical or mental impairment that substantially limits one or major life activities, (2) has a record of such impairment, or (3) is regarded as having such impairment. 29 CFR § 1630.2(g).

28. Plaintiff is and has been an individual with a disability at all times relevant to this action.

29. Plaintiff is and has been a qualified individual with a disability at all times relevant to this action.

30. Plaintiff has suffered, is now suffering, and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until the Court grants relief.

## SECOND CAUSE OF ACTION

## WRONGFUL DISCHARGE

31. Paragraphs 1 through 30 above are hereby incorporated by reference as though fully set forth in this claim.

32. Plaintiff was wrongfully discharged as she was out on approved leave.

33. Plaintiff was never notified that her approved leave had be terminated.

34. Defendant fired Plaintiff without providing her with a reasonable notice that her approved leave was terminated.

35. Defendant fired Plaintiff without providing her with a mandatory date for Plaintiff to return to work.

36. Plaintiff has suffered, is now suffering, and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until the Court grants relief.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE FAMILY MEDICAL LEAVE ACT (FMLA)

37. Paragraphs 1 through 33 above are hereby incorporated by reference as though fully set forth in this claim.

38. FMLA, 29 USC § 26.15 (a) (1) prohibits an employer from "interfer[ing] with. . .the exercise of or the attempt to exercise, any right" provided by the FMLA.

39. Under FMLA, Plaintiff was entitled to medical leave because her leave was for treatment that was considered "a serious medical condition" within the meaning of 29 USC § 26.12 (d).

40. Defendant never provided Plaintiff with proper notification as required under FMLA advising Plaintiff of her rights under FMLA.

41. Defendant interfered with Plaintiff's rights under the FMLA by terminating her in retaliation of her being on approved leave.

42. As a result of Defendant's willful violations of FMLA, Plaintiff has suffered greatly, including loosing her profession, her income, her ability to support herself and her family, and her reputation.

43. Plaintiff seeks recovery of all equitable relief, actual monetary damages that she has suffered as a result of Defendant's conduct and interest from thereof, liquidating damages as provided by 29 USC § 26.17.

## FOURTH CAUSE OF ACTION

### FAILURE TO ADEQUATELY TRAIN EMPLOYEES

44. Paragraphs 1 through 43 above are hereby incorporated by reference as though fully set forth in this claim.

45. Defendant failed to adequately train its employees (inclusive of the Director of CCFH on the Family Medical Leave Act and its requirements and entitlements to employees.

46. Defendant's failure to adequately train its employees resulted in the constitutional deprivation recognizable under 29 USC § 26.12 (d).

47. Defendant's failure to adequately train its employees has caused Plaintiff to suffer greatly, including loosing her profession, her income, her ability to support herself and her family, and her reputation.

48. Plaintiff has suffered, is now suffering, and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until the Court grants relief.

## PLAINTIFF'S PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for a Judgement against Defendant, compensatory damages, punitive damanges, liquidating damages, and and all damages allowed under the law, including but not limited to attorney's fees, and all costs of this proceeding, with such final amount being an aggregate sum equal to the maximum amount of recovery allowed under state and Federal law, plus any recovery to be determined by a jury or finder of fact, and allowed under any applicable state and Federal law and guidelines.

Dated:  January 20, 2012

Respectfully submitted,

Earnestine Alexander
Attorney for Plaintiff

June Hardwick, Of Counsel
J. Hardwick Law, P.L.L.C.
P O Box 1352
Jackson, MS 39215
t: 601 987 4023
f: 601 987 9050
e: jhardwicklaw@gmail.com

Stephanie Lang, Of Counsel
MSB No. 102820
P O Box 864
Jackson, MS 39205
t: 601-291-1048
e: Stephlang3@yahoo.com