QUINDOLYN WINGFIELD                                                         PLAINTIFF

VS                                                        CIVIL ACTION NO.: 5:12-CV-13-DCB-JMR

CLAIBORNE COUNTY FAMILY
HEALTH CENTER                                                               DEFENDANT

## RESPONSE TO MEMORANDUM IN SUPPORT OF
## MOTION FOR SUMMARY JUDGEMENT WITH MEMORANDUM
## AND AUTHORITIES

COMES NOW, Quindolyn Wingfield, Plaintiff and files the following in response to Claiborne County Family Health Center ("CCFHC") and would show unto the Court the following:

### CLARIFICATION OF UNDISPUTED FACTS

1. The Defendant, in its answers to interrogatories[1] propounded to CCFHC, acknowledged that the Plaintiff had knee replacement surgery and was under the care of a medical doctor thereafter.

2. The Defendant also states that Plaintiff was on Family Medical Leave and provides as support of this assertion, a copy of the Claiborne County Family Health Center Personnel Policies & Procedure Manual[2], which was signed for by the Plaintiff.

3. The Defendant asserts that the Plaintiff was out on leave from August 31, 2010 through December 1, 2010.[3] The question that is unclear is what portion the leave was the Plaintiff's Annual and Sick Leave of 5.4 weeks and what portion of the leave was under the Family Medical Leave Act.[4]

4. It is relatively clear that the Defendant believed that by supplying Plaintiff with a copy of the Claiborne County Family Health Center Personnel Polices and Procedure Manual with appropriate language regarding the Plaintiff's entitlement to leave under FMLA, it had met its obligation to the

---

[1] See Exhibit 1 (Interrogatories Propounded to Defendant CCFHC)

[2] See Exhibit 2 (Accrual of Family Leave)

[3] See Exhibit 3 (Employee Sick Leave Record)

4 See Exhibits 5 and 8:  Calendar of Leave Time and Leave Worksheet

Plaintiff.

5. The Plaintiff was terminated by James Oliver on April 26, 2011. James Oliver was aware of the Plaintiff's ongoing medical treatment. He testified that he reviewed the Plaintiff's personnel file which included the letter dated November 10, 2010 written by the interim Director James E. Devoual, stating that a doctor's slip had been provided with a return date of December 1, 2010.[5] The Plaintiff met with James Oliver prior to the termination and apprised him of her dilemma. He modified her termination date and did not provide her notification when he decided to modify it again. Defendant stated that the Plaintiff was being terminated for excessive absenteeism.

6. Defendant alleges that the Plaintiff was in violation of Policy 3.7(e) of the CCFHC Personnel Policies and was therefore terminated. The Plaintiff was not provided with any notification that she was in violation of the Policy prior to termination.

## DISPUTED FACTS

There are several disputed facts that preclude the Defendant's request for Summary Judgment. They are:

1. Plaintiff disputes the Defendant's contention that FMLA leave started on August 16, 2010. The Plaintiff made the Defendant aware that she would require knee replacement surgery and requested medical leave to accommodate the surgery. The Plaintiff was approved for Short Term Medical leave as of September 30, 2010. According to the documentation provided, this benefit was available to the Plaintiff until November 19, 2010.[6] Prior to September 30, 2010, it was believed that the Plaintiff was out on sick leave and annual leave of which she had accumulated 5.4 weeks.

2. It is disputed as to whether the Defendant it was the Plaintiff's responsibility to specifically request leave under FMLA and it is true that the Plaintiff was provided no guidance in regards to

---

5See Exhibit 4 (Letter Requesting Status).

[6] Exhibit 11: Letter re Short Term Disability

the coordination of the use of Short Term Disability, Long Term Disability or Family Medical Leave.[7]

3. It is disputed whether the Defendant had any obligation under 29 CFR 825 to provide the Plaintiff with documentation stating when FMLA leave. Defendant contends that communication through the policies and procedures manual of CCFHC was sufficient to inform the Plaintiff of its implementation of FMLA.

4. It is disputed when FMLA leave began in light of the fact that the Plaintiff requested to utilized 5.4 weeks of Annual Leave that was available to her.

5. Defendant disputes that the complications from the Plaintiff's knee surgery constitutes a disability under the Americans with Disabilities Act.

6. Defendant CCFHC contends that there is no statutory requirement that there is no statutory requirement that employee's be trained in regards to FMLA. The Plaintiff agrees, however, the Plaintiff does belief that administration should be trained or at least be knowledgeable of the implementation procedures that are provided for under the Family Medical Leave Act.[8]

## LEGAL STANDARD

Pursuant to Federal Rules of Civil Procedure, Rule 56(a) Summary Judgment shall be granted if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
(B) Materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party

---

[7] See Exhibit 10 – Deposition of LaDonna Davis – Pages 11- 15.
[8] 29 CFR § 825.300 (b) (1) provides that when an employee request FMLA leave or when the employer acquires knowledge that an employee's leave may be an FMLA-qualifying reason, the **employer** must notify the employee of the employee's eligibility to take FMLA leave within five business days, absent extenuating circumstances.

cannot produce admissible evidence to support the fact. Id.

II. **PLAINTIFF'S RESPONSES TO DEFENDANT CCFHC'S ARGUMENTS WITH APPLICABLE LAW.**

1. **CCFHC HAS VIOLATED THE AMERICAN WITH DISABILITIES ACT AND HAS UNLAWFULLY DISCRIMINATED AGAINST THE PLAINTIFF.**

The American with Disabilities Act, encapsulated in 42 U.S.C. §§ 12103 et. Sq., provides that no covered entity shall "discriminate against a qualified individual with a disability because of the disability of such individual in regards to, inter alia, "the hiring, advancement, or discharge of employees... and other terms conditions, and privileges of employment." § 12112(a). Further the ADA provides that the term "discriminate" includes "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability ... unless such covered entity can demonstrate that the accommodation would impose an under hardship on the operation of the business of such covered entity. § 12112(b)(5)(a). *EEOC v Chevron Phillips Chemical Co.*, 570 F.3d 606 (5th Cir. 2009).

### PLAINTIFF AS A QUALIFIED INDIVIDUAL WITH A DISABILITY

The Act defines a "qualified individual with a disability "as an individual with a disability who, with or without reasonable accommodations, can perform the essential functions of the employment position that such individual holds or desires. § 12111(8). In turn, a disability is a). a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (b). a records of such impairment; or (c) being regarded as having such an impairment." 12102(2). Id.

The Plaintiff is a 52 year old female who on August of 2010, provided the Defendant with notice that she would require medical leave for surgery to have total knee replacement. 9 The result of said knee replacement would normally require the Plaintiff to be off for a period of six (6) weeks. The six week period is typically required because the Plaintiff's ability to walk would be impacted. [10] Plaintiff recognizes that merely having an impairment, does not make one disable for purposes of the ADA. The requirement for being disability under ADA includes a showing that the impairment substantially limits a major life activity.

Activities included on the list includes: "caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning and working". 29 C.F.R. §1630.2(1). . Walking is a major life activity.

The Plaintiff with reasonable accommodations [11] could have performed the essential functions of her employment position[12] and therefore the Plaintiff would satisfy the requirements of being a qualified individual with a disability.

## DISCRIMINATION OCCURRED IN REGARDS TO PLAINTIFF'S DISCHARGE

The Plaintiff was discharged on the premise of excessive absenteeism. The Plaintiff was not provided with any notice of excessive absenteeism and the Defendant use of the reason for discharge was purely pre-textual. The Defendant has not demonstrated or provided any testimony that would support an assertion that providing an accommodation for the Plaintiff would impose an under hardship on the operation of the business of such covered entity. The discharge was pre-textual.[13]

---

9 See Exhibit 1 – UMC Diagnosis
10 Exhibit 12 – Plaintiff's Affidavit
11 See Exhibit 7 - LPN Job Description
12 Id.
13 See Exhibit 9: Deposition of James Oliver, Pg. 36. Q. You really became aware of her medical conditions, and it was just the use of her hands. Nobody told you what her diagnosis was? A. Again there were rumors that she had

## PRIMA FACIE SHOWING OF ADA VIOLATION

In order to establish a prima facie case, the Plaintiff must show that she suffers from a disability; that she is qualified for the job; that she was subject to an adverse employment action; and that she was replaced by a non-disabled person or was treated less favorably than non-disabled employees. *Daigle v Liberty Life Ins. Co.*, 70 F.3d 394, 396 (5th Cir. 1995). The Plaintiff has established that she suffered from a disability that substantially impacted her ability to walk. LaDonna Davis, the Chief Operating Officer of CCFHC provided testimony that the Plaintiff was qualified for the job.[14] The Plaintiff can further show that she was discharged, not due to excessive absenteeism, but due to an ill-conceived notion that the Plaintiff's disability would not allow her to perform her job.[15] The Plaintiff was discharged without any attempt by the Defendant to accommodate her disability. A request for accommodation can constitute protected activity under ADA. See *Wright v CompUSA, Inc.*, 352 F.3d, 472, 478 (1st Cir. 2003).

In considering the ultimate issue of discrimination, the trier of fact can consider both the evidence presented in the prima facie case and any evidence that the plaintiff produces that tends to show that the employer's articulated reason for the adverse employment activity was pretextual. *Reeves v Sanderson Plumbing Prods.*, 530 U.S. 133, 142, 120 S. Ct. 2097, 147 L.Ed. 2d 105 (2000).

The Plaintiff has met the requirements to establish a prima facie case for an ADA violation. The Plaintiff would therefore respectfully request that the Court denies the Defendant's request for Summary Judgment in regards to the claim of discrimination based on American with Disabilities Act.

---

lupus.
[14] See Exhibit 10: Deposition of LaDonna Davis, Pg. 27
[15] See Exhibit 9: Deposition of James Oliver, Pg 22, Page 30, 34,

2. **WRONGFUL DISCHARGE CLAIM**

The Mississippi Supreme Court in *McArn v Allied Bruce-Terminix Co, inc.* created a narrow public policy exception to Mississippi's at will employment rule in situations where an employee is fired because he or she refuses to participate in an illegal activity or discharged for reporting illegal acts of his employer. 626 So 2d 603, 607. After careful review of the facts of this case, the Plaintiff respectfully dismisses its claim for wrongful discharge and would respectfully request that the Court grants the Defendant's motion for Summary Judgment in regards to the Plaintiff's claim for wrongful discharge.

3. **CCFHC VIOLATED THE FAMILY MEDICAL LEAVE ACT**

A violation of the Family Medical Leave Act occurs when an employer "interferes with, restrains, or denies the exercise of or the attempt to exercise, any right provided under the act and from discriminating or retaliating against an employee who exercises her FMLA rights or who opposes an act made unlawful by FMLA. See. 29 U.S.C. §2615(); *Richardson v Monitronics Int'l, Inc.* F. 3d, 2005 WL 3485872, at *3 (5th Cir. Dec. 21, 2005); *Satterfield v Wal-Mart Stores*, Inc., 135 F. Ed 973, 975 (5th Cir. 1998).

The Plaintiff assets that Defendant CCFHC interfered with and denied the exercise of her rights provided under FMLA. The Defendant did so by not designating paid or unpaid leave as FMLA-qualifying and whether it would be counted against her FMLA entitlement. See 29 C.F.R. § 825,208(b)(1). Upon notice of an FMLA qualifying event, the employer bears the burden of designating paid and unpaid leave. The regulation requires that the employer do so prior to the commencement of the leave, provide the employee has sufficient information to

make the determination. 29 C.F.R. §825.208(b)(1) and 29 C.F.R. §825.208(c).

In 2002, the Supreme Court invalidated the regulatory provision that granted an employee twelve additional weeks of FMLA leave when an employer failed to notify the employee that leave taken counted her FMLA entitlement. <u>Ragsdale v Wolverine World Wide, Inc.</u>, 535 U.S. 81, 84-96 (2002). In reaching that conclusion, the Court explained that an employer's failure to designate leave as FMLA leave could entitle the employee to relief, but only in the notification failure prejudice the employee or impaired the employee's FMLA rights. See Id. At 90.

The Plaintiff asserts that this failure did prejudice and impair her rights under FMLA.[16] The lack of notification led to the Plaintiff's reliance on 5.4 weeks of accumulated leave that she had accrued to assist in her rehabilitation period from knee replacement surgery. The Plaintiff was also eligible for Short Term and Long Term Disability and therefore designation of leave time pursuant to FMLA guidelines was critical when it was determined that the Plaintiff suffered complications after the knee replacement surgery that slowed her recovery. Once the employer has acquired knowledge that the leave is being taken for an FMLA required reason, the employer must promptly (within two business days absent extenuating circumstances) notify the employee that the paid leave is designated and will count as FMLA leave. The notification must be provide to the employee no less often that the first time in each six-month period that an employee gives notice of the need for FMLA leave.

CCFHC attempts to place the burden at the foot of the Plaintiff by stating that she had the handbook and was therefore aware of FMLA. The Court has held that "There are no 'magic words' and the employee need not expressly assert rights under the FMLA or even mention

---

[16] See Exhibit 10: Deposition of LaDonna Davis, Page 15 and 16, Page 21

FMLA..." 29 C.F.R. §§825.302, 825.303(b); <u>Sarnowski v Air Brooke Limosine, Inc.</u>, 510 F.3d 398, 402 (3rd Cir. 2007). When notice has been found to be deficient it has been because the employee failed to convey the reason for needing leave. The Defendant did not attempt to assist with the coordination of benefits that were available to the Plaintiff and as a result, the Plaintiff nor the Defendant knew what type of leave was applicable to the Defendant. As a result, the Defendant's action resulted in a violation of the Family Medical Leave Act.

## C. CCFHC FAILED TO TRAIN AND SUPERVISE ITS EMPLOYEES IN REGARDS TO THE FMLA.

It is clear beyond peradventure, that CCFHC did not know the requirements placed on it as an employer in regards to the FMLA. CCFHC is of the opinion that because it provided the employee with a Personnel Handbook, it's obligation under 20 C.F.R. 825 et. seq. was complete.[17] James Oliver states that he had served as a Hospital Administrator and has nineteen (19) years of health care management training but is unaware of the requirements imposed by 29 C.F.R. § 825.208. James Oliver acknowledges that the prior administration was unaware of its obligations to the employees.[18] As the incoming administrator for the Clinic, James Oliver had a duty to assess the time that the Plaintiff's had been off work, determine the source of the time that the Plaintiff was off work and to have a conversation about what he had determined and what options, if any, were available to the Plaintiff. The Defendant asserts that there is no statutory requirement to provide FMLA training; however, the Defendant's obligations are clearly defined

---

[17] See Exhibit 10: Deposition of LaDonna Davis, Page 22 - 24
[18] See Exhibit 9: Deposition of James Oliver, Page 37. What happens is that generally once an employee is off for a certain length of time, according to policy, the administration should review it, talked to the employee and let them know what their options were and where the company stood. Apparently that was not during my prior administration. This is one of the complaints that the board gave me when I arrived as the new CEO. Q. So you do believe that there was a failure to communicate properly with Ms. Wingfield A. Yes

by the act and it is the employer's responsibility to know and to act in accordance with the act.

## CONCLUSION AND PRAYER

Defendant has failed to establish that there are no genuine issues of material facts and that there are no undisputed facts in regards to the Plaintiff's claim of violations under the American with Disabilities Act, the Family Medical Leave Act and the Plaintiff's claim for Failure to Train. The Plaintiff cannot meet her burden in regards to the Claim for wrongful discharge and would respectfully remove this claim from consideration.

As a result, the Plaintiff would respectfully request that this Court grant the Defendant summary judgment in regards to the Plaintiff's Claim for Wrongful Discharge and deny the Defendant request for Summary Judgment on the remaining claims.

Respectfully submitted, this the 28th day of February, 2013.

/s Earnestine Alexander /s

## CERTIFICATE OF SERVICE

      I, Earnestine Alexander, hereby certify that I have this date electronically filed the foregoing with the Clerk of Court by using CM/ECF system. I have also served by first class mail, postage prepaid, a true and correct copy of the above and foregoing Plaintiff's Initial Disclosures on the following:

    Tomika Irving
    1447 Main Street
    Post Office Box 2064
    Fayette, MS 39069

This the 28th day of February, 2013.

                                                    **/s/ EARNESTINE ALEXANDER**
                                                    Earnestine Alexander